**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ODESSIA CURRY-LINDSEY** | § | **PLAINTIFF** |
| | § | |
| **VERSUS** | § | **NO. 1:04CV530LG-RHW** |
| | § | |
| **MISSISSIPPI REGIONAL HOUSING** | § | |
| **AUTHORITY VIII AND U. S.** | § | |
| **DEPARTMENT OF HOUSING AND** | § | |
| **URBAN DEVELOPMENT** | § | **DEFENDANTS** |

**ORDER DENYING PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT**

BEFORE THIS COURT is the Plaintiff's Motion for Reconsideration [42], filed in the above-captioned cause on January 17, 2006. The Court will construe the motion as a Motion for Relief from Judgment pursuant to FED. R. CIV. P. 60(b). The Defendant filed a response on January 31, 2005. The Court, having considered the motion and Defendant's response, is of the opinion that said motion should be denied.

The Plaintiff, who is proceeding *pro se,* filed a complaint in this court on May 21, 2004. The Federal Defendant, U. S. Department of Housing and Urban Development, filed a Motion to Dismiss on December 21, 2004, which the Court denied on May 31, 2005. On July 26, 2005, the Federal Defendant filed a second motion to dismiss. The Plaintiff did not respond to the motion, so the Court granted the motion as unopposed on August 25, 2005. The Plaintiff now seeks reconsideration of the order granting the Federal Defendant's Motion to Dismiss.

FED. R. CIV. P. 60(b) provides in pertinent part as follows:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an

adverse party; (4) the judgment is void; (5) the judgement has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

FED. R. CIV. P. 60(b).  The following factors should be considered when deciding a Rule 60(b) motion:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movants' claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (citations omitted).  "Relief under [rule 60(b)(6)] is granted 'only if extraordinary circumstances are present.'" *American Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 815-16 (5th Cir. 1993), *quoting Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990) (citation omitted).

The Plaintiff filed her motion about five months after the order of dismissal was entered.  However, only four days after the order was filed, Hurricane Katrina struck the Mississippi Gulf Coast.  For this reason, the Plaintiff's motion was made within a reasonable time of the filing of the order.  Because the dismissal in this case was based upon the Plaintiff's failure to respond to the motion, the Court did not address the merits of the Plaintiff's claims.  Upon reviewing her motion, however, the Plaintiff does not set forth any grounds for granting her relief, and she did not address the issues raised in the Federal Defendant's motion to

dismiss.  For these reasons, the Plaintiff has failed to show that she is entitled to relief under

FED. R. CIV. P. 60(b).  Therefore, her motion should be denied.

       **IT IS THEREFORE ORDERED AND ADJUDGED,** that the Plaintiff's Motion for

Relief from Judgment [42] should be, and is hereby **DENIED.**

       **SO ORDERED AND ADJUDGED** this the 6th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE